WESTERN DIST.
*October*, 1839.

MARTIN ET AL.
*vs.*
NALLY.

---

## MARTIN ET AL. *vs.* NALLY.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE OF THE FIFTH PRESIDING.

The plaintiffs obtained an injunction restraining the defendant from carrying on a bakery in wooden buildings adjacent to theirs, and in the midst of the town of Alexandria, on the allegation of imminent danger to their property, and a nuisance. The jury found twelve hundred dollars in damages for the defendant, on his plea in recon-

WESTERN DIST.
October, 1839.

vention for injury and loss sustained by the injunction, which this court refused to disturb.

MARTIN ET AL.
vs.
NALLY.

Questions of fact, and the assessment of damages are peculiarly subjects for the consideration of a jury.

This suit commenced by injunction. The plaintiffs allege, that the defendant is a tenant of one of them, (Young and wife,) occupying a house and lot in the town of Alexandria, in which he has established a bakery, or wooden bake-house and oven, in the midst, and contiguous to their buildings. That from the combustible materials and construction of said bakery, and its contiguity to said buildings, there is daily and hourly danger of a conflagration of the bake-house and all the adjoining buildings, which would cause great injury and destruction of the property of the petitioners.

Martin, one of the plaintiffs, specially alleges, that he has leased the corner buildings from Young and wife, for five years, which adjoins the house and lot of defendant; and that he has erected new buildings thereon in lieu of the old ones, at an expense of four thousand dollars, and has a large stock of goods in store, and in consequence of the situation of this bakery, he has been unable to procure or effect insurance on his store-house and goods, without paying a much higher rate of insurance than usual. Thoms, also one of the plaintiffs, alleges he is the owner of a valuable store-house and lot adjoining the bake-house of Nally, and considers his property in imminent danger from the bake-house. The plaintiffs further allege, that they have complained of the danger of said bake-house to the said Nally in vain ; and though amicably requested to remove the same, he still neglects and refuses to do so. They pray that said bakery be removed and abated as a nuisance, and that the defendant be cited and caused to remove the said bake-house, and that he and all others be restrained and inhibited from baking and using the same as a bakery, &c.

The defendant pleaded a general denial, except such parts of the petition as were specially admitted. He admits he occupies the premises as a bakery, on a lease from the plain-

tiffs, Young and wife, with the express understanding that he was to carry on his bakery there. He further avers, that he has been in the legitimate exercise of his legal rights in carrying on the baking business on the premises from 1831 to 1837, when he was arrested by an order of court, enjoining him from the further exercise thereof. That said order was procured without any legal or rightful cause, and has produced much damage to him, and continues to injure him in his business. He avers, that the conduct of the plaintiffs has been illegal, oppressive and malicious, and greatly to his injury. He prays that the injunction be dissolved, and that he have judgment over against the said plaintiffs in reconvention for two thousand dollars in damages, and that he be quieted in his occupation and premises.

Upon these pleadings and issues the cause was tried before the court and a jury.

The testimony was a little contradictory. The first witness for the plaintiffs deposed, that he saw the bakery a short time before issuing the injunction. The bake-house had been on fire, which had burnt through the weather-boarding. It was built on wooden sills, or sleepers, and he considered it, from the observations he made, to be dangerous. There was a covering of pickets about two feet from the top of the oven. The houses all around are all built of wood, and the kitchen of the defendant was within a few feet of the oven. The plaintiff, Martin's house, is about six feet from the oven. Witness thinks a fire originating in the bake-house would be very dangerous, and in all probability burn down the entire square. It is situated in a place of considerable business, near the centre of town.

Chew, agent of the insurance office, was examined; and says he considers this bakery very dangerous; that there are many places for bake-houses in the rear of town, where they might be carried on in safety. He charged Mr. Martin a half per cent. more insurance after he removed his store to the vicinity of this bakery.

The defendant showed that he had carried on a very profitable business before he was stopped. It also appeared

WESTERN DIST.
October, 1839.

MARTIN ET AL.
vs.
NALLY.

he submitted his case and the condition of his buildings to the consideration of the trustees of the town, to know what kind of an oven he must construct, or what he should do to make it safer; but they never examined or acted upon it. Martin was anxious that the trustees should act, and order the bakery to cease.

Thoms withdrew from the suit.

From all the evidence adduced, the jury returned a verdict of twelve hundred dollars in damages for the defendant, and from judgment rendered thereon the plaintiffs appealed.

*Dunbar*, for the plaintiffs, strenuously contended that the bakery was shown to be highly dangerous to the safety of the plaintiffs and their property, and was a nuisance which ought to be abated. The defendant had been requested and entreated to remove his establishment out of the business part of the town to avoid the risk of burning down the houses where it was situated, but he still persisted in his course, until he was stopped by injunction.

2. The evidence, he insisted, fully sustained the plaintiffs, and the injunction ought to be perpetuated.

*Elgee* and *Hyams*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs, Martin, Young and wife, and Thoms, obtained an injunction inhibiting the defendant from baking in an oven built in a wooden house adjacent to those of the plaintiffs, on an allegation that the bake-house and oven were in such bad condition and so contiguous and near to the other wooden buildings, and being built of combustible materials, fire could not be made in the oven without imminent danger of a conflagration.

The defendant denied the allegations; prayed for the dissolution of the injunction, and claimed damages in reconvention.

The case was tried by a jury who returned a verdict for the defendant, and assessed his damages under the plea in

reconvention, in the sum of twelve hundred dollars. The injunction was dissolved, and the plaintiff, Thoms, having withdrawn from the suit, judgment was rendered against the others in conformity with the verdict, and they appealed.

The appellants urged, that in consequence of the danger resulting from the proximity of the bakery to their buildings and its ill and dangerous construction, they had a right to the relief which they sought; and they showed that one of them had not been able to effect the insurance of his house and goods without paying an excessive premium. The agent of the insurance office deposed, that he had required a premium of one half of one per cent. above that which is taken for the insurance of buildings, constructed of the same materials as those of the plaintiffs, which are considered as ordinary risks from their situation; not only on account of the vicinity of the bakery, but also in consequence of the houses being more crowded together, in that part of the town than elsewhere. It was shown that the defendant applied to the municipal authorities of the place, to examine his bakery, and designate any alteration which they might deem proper; and it does not appear that his application was ever acted on. The remainder of the evidence is desultory, and in some degree contradictory. The question of fact was peculiarly the subject for the consideration of a jury, and the assessment of damages still more so. A close attention to the evidence has led us to the conclusion that their verdict ought not to be disturbed.

Questions of fact, and the assessment of damages, are peculiarly subjects for the consideration of a jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.